```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 WILLIAM F. CORR,

                    Plaintiff,           MEMORANDUM & ORDER
                                         22-CV-7563 (EK)(LB)

          -against-


 CITY OF NEW YORK,

                   Defendant.¹

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

William Corr brings this action alleging religious discrimination by his former employer, the City of New York. Corr worked at the Department of Homeless Services. He alleges that the City engaged in religious discrimination by refusing to exempt him from the masking and testing requirements it imposed on its employees during the COVID-19 pandemic. The City now moves to dismiss the complaint. For the reasons outlined below, that motion is granted.

### I.  Background

**A.  Factual Background**

The following facts are drawn from the second amended complaint. ECF No. 21. They are presumed true for purposes of

---

¹ The Clerk of Court is respectfully directed to update the caption of the case as noted here.

this motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

Corr worked for the New York City Department of Homeless Services. Second Am. Compl. 3. He is a Christian. *Id.* at 5. In early 2022, he requested a religious exemption from the City's COVID-19 vaccine requirement, saying that it violated (unspecified) divine laws. *Id.* at 5.[2] He requested a similar exemption from the City's "mandatory mask wearing and testing" requirement. *Id.* The City acknowledged the sincerity of his opposition, but nevertheless responded that exempting Corr from the masking and testing requirements would cause "unnecessary hardship." It then placed Corr on leave without pay. *Id.*

**B.   Procedural Background**

Corr filed his initial complaint in December 2022. *See* ECF No. 1. In that complaint, Corr sued the Department of Homeless Services. On April 12, 2023, Corr moved to substitute the City of New York as the defendant in this action. *See* Corr Let., ECF No. 14. The Court granted Corr's request. *See* June 7, 2023 Order.

In a pre-motion conference letter, the City argued that the complaint lacked any allegation that Corr "ha[d] a

---

[2] The complaint does not specify whether the department granted or denied this request.

2

religious belief . . . that conflict[ed] with the City's masking and testing requirements." ECF No. 10 at 2. Corr then filed an amended complaint, *see* ECF No. 15, following which the City lodged the same objection in a second pre-motion conference letter. ECF No. 16 at 2. This prompted Corr to file a second amended complaint, which is now the operative pleading. *See* ECF No. 21.

## II.  Legal Standard

Corr is representing himself in this action. When a plaintiff lacks counsel, a court must construe his or her filings "liberally and interpret them to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).[3] However, this more lenient standard of review "does not exempt a [*pro se*] party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that simply offers a "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under Rule 12(b)(6). *Twombly*,

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

550 U.S. at 555. Instead, the complaint must allege facts that "raise a right to relief above the speculative level." *Id.*

### III. Discussion

Corr brings claims for religious discrimination under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. Second Am. Compl. at 3-4.

**A.    The Title VII Claim**

To state a Title VII claim for religious discrimination, a plaintiff must allege (1) that he "held a *bona fide* religious belief conflicting with an employment requirement," (2) that he "informed [his] employers of this belief," and (3) that he was "disciplined for failure to comply with the conflicting employment requirement." *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001).

A plaintiff satisfies the first element of this standard by pleading "non-conclusory facts about [his] religious beliefs" and about why those "beliefs would conflict with the [challenged] requirement." *Cagle v. Weill Cornell Med.*, 680 F. Supp. 3d 428, 435 (S.D.N.Y. 2023). Merely stating that a conflicting belief is "religious" does not make it so. *Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47, 51 (2d Cir. 1988) ("An individual's assertion that the belief he holds [is sincerely held] does not, however, automatically mean that the belief is

4

religious."). The plaintiff must "assert sufficient allegations to establish that [his] claim is based upon a sincerely held religious belief," and then explain why that belief conflicts with the challenged employment requirement. *Meadows v. Lesh*, No. 10-CV-00223, 2010 WL 3730105, at *3 (W.D.N.Y. Sept. 17, 2010); *see also Cagle*, 680 F. Supp. 3d at 435.

Corr has not satisfied this requirement. The complaint never explains what Corr's religious beliefs are, or how they conflict with the department's masking and testing requirements. Instead, Corr simply avers that he is a Christian and that the challenged requirements violate "a number of" divine laws. Second Am. Compl. 5. This is little more than a "bald allegation that [Corr] has a religious belief and that those religious beliefs conflict with an employment requirement." *Cagle*, 680 F. Supp. 3d at 435. Courts have dismissed similarly conclusory complaints. *See, e.g.*, *Matos v. Discovery Commc'ns, LLC*, 750 F. Supp. 3d 307, 324, , at *3, 322-23 (S.D.N.Y. 2024) (Christian plaintiff did not plausibly allege a "religious basis" for her belief that vaccine would "tarnish and defile" her body); *Marte v. Montefiore Med. Ctr.*, No. 22-CV-03491, 2022 WL 7059182, at *3 (S.D.N.Y. Oct. 12, 2022) (allegation that plaintiff was a "Born-Again Christian" who was "unwilling to receive the COVID-19 vaccinations" was

5

insufficient to plead conflict between religious belief and employment requirement).

Because Corr has not alleged a *bona fide* religious belief that conflicts with an employment requirement, his Title VII claim is dismissed.[4]

## B. The State-Law and City-Law Claims

District courts will generally decline supplemental jurisdiction after dismissing all claims over which they have original jurisdiction pursuant to Rule 12(b)(6). *See* 28 U.S.C. § 1367; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because Corr's federal Title VII claim cannot survive, and there is no basis for invoking diversity jurisdiction, the Court declines supplemental jurisdiction over Corr's state- and city-law claims. Those claims are dismissed without prejudice. *See id.* at 350, 350 n.7.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss is granted. Because the defects in the second amended complaint

---

[4] In his opposition brief, Corr asserts that wearing a mask is inconsistent with his Christian beliefs because "Christians do not veil our face, as that is a sign of submission under Muslim law." Pl.'s Mem. in Opp'n to Mot. to Dismiss 2, ECF No. 25. However, the Court need not consider whether this allegation renders Corr's religious discrimination claim plausible, because it is "axiomatic that the [c]omplaint cannot be amended by the briefs in opposition to a motion to dismiss." *Milligan v. GEICO Gen. Ins. Co.*, No. 20-3726-CV, 2022 WL 433289, at *6 (2d Cir. Feb. 14, 2022). Moreover, the suggestion that masking (or a related practice) might be consistent with another belief system does not suffice to demonstrate that it is prohibited under plaintiff's own.

6

are the same as those the City identified in Corr's prior pleadings, dismissal is with prejudice. *See Liner v. Goord*, 115 F. Supp. 2d 432, 434 (S.D.N.Y. 2000) ("When a plaintiff does not correct the defects in an initial pleading through the filing of a more detailed amended complaint, the amended complaint may be dismissed with prejudice."); *see also Scriven v. Barnum*, No. 24-CV-1805, 2024 WL 1769318, at *2 (E.D.N.Y. Apr. 24, 2024) (applying this rule to a *pro se* plaintiff). The Clerk of the Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

     /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   March 31, 2025
        Brooklyn, New York

7